MATTER OF TAJER

In Deportation Proceedings

A-20597132

. Decided by Board October 17, 1974

Respondent had been convicted of a crime of moral turpitude. Section 241(b)(1) of the Immigration and Nationality Act provides that such a conviction will not support a deportation charge, where at a time after such conviction, a full and unconditional pardon is granted by the President of the United States or a Governor of any State, as appropriate. It may be considered a Governor's pardon where the state has a constitutional provision for such authority to be exercised by the Board of Pardons, and such Board so exercises that power.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years after entry.

ON BEHALF OF RESPONDENT: Fred F. Filsoof, Esquire
Filsoof and Mykal
1416 Gaslight Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303

This is an appeal from the immigration judge's denial of the respondent's motion to reopen and reconsider his decision of October 17, 1973 to deport the respondent on the above-stated charge. Oral argument is requested by the respondent. Oral argument will be denied. The matter will be remanded for further proceedings.

The record relates to a single female, native and citizen of Iran, who was admitted to the United States as a nonimmigrant student with permission to remain to September 3, 1973. On August 30, 1973 she was convicted upon her plea of nolo contendere, in the Criminal Court of Fulton County, Georgia, for the crime of theft. The court ordered her to pay a fine of $100 and be confined in prison for a term of 12 months. She paid the fine and her sentence was suspended. On March 27, 1974 the respondent was granted an unconditional pardon by the State Board of Pardons and Paroles.

Section 241(b) of the Immigration and Nationality Act specifies that

125

the provisions regarding deportation for a crime or crimes involving moral turpitude "shall not apply (1) in the case of an alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States."

By amendment to Art. V, sec. 1, par. 12 of the Georgia Constitution of 1877, which was made part of the Constitution of 1945, the State Board of Pardons and Paroles was made a constitutional body. The Constitution and the Act (Code Ann. §2–3011) confer on the Board practically all the clemency powers formerly conferred upon the Governor (Code Ann. § 77–511).

The pardon granted the respondent is unconditional and is an executive pardon duly granted by executive authority as provided in the Constitution of the State of Georgia. It meets the requirements of that portion of section 241(b), supra, limiting the grant of a pardon to the President of the United States or the Governor of a State. The limiting provisions of section 241(b) were designed by Congress to eliminate the effectiveness of a legislative pardon, *Matter of R—*, 5 I. & N. Dec. 612 (BIA 1954). The pardon here under consideration is the only unconditional executive pardon that can be obtained in the State of Georgia. We recognize executive pardons granted by a State which has constitutional provision for executive pardons to be issued by other than the Governor of a State, *Matter of D—*, 7 I. & N. Dec. 476 (BIA 1957).

In the circumstances, we shall remand this matter to the immigration judge to have the pardon received into evidence. The immigration judge can then make a new decision on the record.

**ORDER:** The request for oral argument is denied.

*Further order:* The case is remanded to the immigration judge for further proceedings in accordance with the foregoing opinion.